# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-898V
Filed: September 28, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | Special Master Sanders |
| GIDGET MILLER, | * | |
| | * | Dismissal; Insufficient Proof; Human |
| Petitioner, | * | Papillomavirus ("HPV") Vaccine; Varicella |
| | * | Vaccine; Narcolepsy; Cataplexy; Neurologic |
| v. | * | And/Or Physical Impairments. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Michael McLaren</u>, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
<u>Ilene Albala</u>, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On July 27, 2016, Monica Miller filed a petition on behalf of her minor daughter, Gidget Miller ("Petitioner"), for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"). Petitioner alleges that the human papillomavirus ("HPV") and/or varicella vaccinations administered on August 8, 2013, and/or the HPV vaccination administered on October 22, 2013, resulted in either the development of or significant aggravation of Petitioner's narcolepsy, cataplexy, neurologic and/or physical impairments and other injuries. *See* Petition ("Pet.") at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Act.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On September 28, 2017, Petitioner moved for a decision dismissing her claim. *See* Motion for Decision Dismissing the Petition ("Mot."), ECF No. 32. In her Motion, Petitioner concedes that she "has been unable to secure sufficient and/or persuasive evidence to prove entitlement to compensation in the Vaccine Program." *Id.* at 1. Furthermore, Petitioner states that "[i]n these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, Respondent, Petitioner, and the Vaccine Program." *Id.* Petitioner filed this motion without opposition from Respondent. Thus, this matter is now ripe for decision.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused or significantly aggravated by her HPV and/or varicella vaccinations.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master