# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 28, 2017

```
*  *  *  *  *  *  *  *  *  *  *  *  *    *
GIDGET MILLER,                          *
                                        *   No. 16-898V
            Petitioner,                 *   Special Master Sanders
                                        *
v.                                      *
                                        *   Attorneys' Fees and Costs; Reduced
SECRETARY OF HEALTH                     *   Travel Rate; Personal Litigation Costs.
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *    *
```

<u>Michael McLaren</u>, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
<u>Ilene Albala</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 27, 2016, Monica Miller filed a petition on behalf of her minor daughter, Gidget Miller ("Petitioner"), for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner later filed an unopposed motion to amend the caption of case to reflect the fact that Gidget Miller reached the age of majority, which was granted.  Motion, ECF No. 19; Order, ECF No. 20.  Petitioner alleged that as a result of "HPV and/or varicella vaccinations administered on August 8, 2013, and/or the HPV vaccination administered on October 22, 2013," she suffered narcolepsy, cataplexy, neurologic and/or physical impairments and other injuries," or significant aggravation of existing conditions.  Petition at Preamble, ECF No. 1.  On September 28, 2017, Petitioner moved for a decision dismissing her

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

claim due to her inability to "secure sufficient and/or persuasive evidence to prove entitlement to compensation in the Vaccine program." Motion, ECF No. 32.  The undersigned dismissed the case for insufficient proof.  Decision, ECF No. 33.

On October 27, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $43,141.00, attorneys' costs in the amount of $5,042.12, and reimbursement for personal litigation costs in the amount of $129.60.  *See* Pet'r's Mot. Att'ys' Fees and Costs at 1, ECF No. 38.  In his response, Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2, ECF No. 39.  Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

### a.   Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of*

*Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and 2017 can be accessed online.[3]

Petitioner requests different hourly rates for work performed by a paralegal, two law clerks, and three attorneys at the law firm Black McLaren Jones Ryland & Griffee ("BMJRG"). Petitioner's attorneys' firm has previously been awarded forum rates. *See Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016).

Petitioner requests $135 per hour for work performed by Laura Holdford, a paralegal, in 2015. Motion at 10, ECF No. 38. Petitioner's motion indicates that "BMJRG utilizes highly qualified staff, paralegals, and law clerks on all of its vaccine cases," but does not provide specific detail regarding Ms. Holdford's skill level. *Id.* at 8. The undersigned finds the requested rate for Ms. Holdford reasonable as it is in the middle of the range for paralegals in the fee schedule for 2015-2016. Therefore, the undersigned awards Petitioner the requested rate for Ms. Holdford.

Petitioner requests $145 for work performed in 2015 and 2016, and $148 for work performed in 2017, by law clerks Samantha Ward and Carmen Garcia. Motion at 10, ECF No. 38. Ms. Ward holds a Juris Doctor degree, and Ms. Garcia was a law student for 1.5 years. *Id.* at 8-9. The undersigned finds the requested rates for Ms. Ward and Ms. Garcia reasonable, as they are within the paralegal range in the fee schedules. Therefore, the undersigned awards Petitioner the requested rates for Ms. Ward and Ms. Garcia.

Petitioner requests $425 and $440 per hour for work performed by attorney Michael McLaren in 2016 and 2017, respectively. Motion at 10, ECF No. 38. Mr. McLaren has been an attorney since 1976, and has practiced in the Vaccine Program since its inception. *Id.* at 5. Therefore, Mr. McLaren is an experienced Vaccine Program attorney who had forty years of practice experience when he began work in this case. The undersigned finds the requested rates reasonable as they do not exceed the ranges in the fee schedules for attorneys with his level of experience. Therefore, the undersigned awards Petitioner the requested rates for Mr. McLaren.

Petitioner requests $355 and $365 per hour for work performed by attorney William Cochran, Jr. in 2016 and 2017, respectively. Motion at 10, ECF No. 38. Mr. Cochran has been an attorney since 2001, and has represented petitioners in the Vaccine Program since 2003. *Id.* at 6. Most of his law practice is comprised of vaccine work. *Id.* Therefore, Mr. Cochran is an experienced Vaccine Program attorney who had 15 years of experience in practice when he began work in this case. The undersigned finds the requested rates reasonable as they do not exceed the

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within both schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

ranges in the fee schedules for attorneys with his level of experience.  Therefore, the undersigned awards Petitioner the requested rates for Mr. Cochran.

Petitioner requests $295, $305, and $315 per hour for work performed by attorney Chris Webb in 2015, 2016, and 2017, respectively.  Motion at 10, ECF No. 38.  Mr. Webb has been an attorney since 2007, and has practiced in the Vaccine Program since 2008.  *Id.* at 7.  Ninety percent of his full time law practice consists of vaccine-related work.  *Id.* at 8.  Therefore, Mr. Webb is an experienced Vaccine Program attorney who had eight years of experience in practice when he began work in this case.  The undersigned finds the requested rates reasonable as they do not exceed the ranges in the fee schedules for attorneys with his level of experience.  Therefore, the undersigned awards Petitioner the requested rates for Mr. Webb.

Although Mr. Webb's hourly rate is reasonable for an attorney with his experience, Petitioner also requested Mr. Webb's full hourly rate for two dates of travel in 2016.  Motion Ex. 2 at 9-10, ECF No. 38-2.  In Petitioner's motion, she argues that the undersigned "should award Petitioner's counsel compensation at his full hourly rate for time spent traveling on the case."  Motion at 10, ECF No. 38.  She explained that "Petitioner's counsel makes it a habit to work on the case while traveling when possible, such as on an airplane or while waiting on a layover in an airport, and counsel did so in this case where indicated on the attached fee bill."  *Id.*  Petitioner also cites a non-Vaccine Federal Circuit case, *Crumbaker*, in support of the proposition that the full hourly rate should apply during travel even where counsel is not working on the case.  *Id.* (citing *Crumbaker v. MSPB*, 781 F.2d 191, 193-94 (Fed. Cir. 1986), *modified on other grounds*, 827 F.2d 761 (Fed. Cir. 1987)).

In *Gruber*, the Court of Federal Claims rejected the assertion that *Crumbaker* requires compensation of an attorney's full rate for travel time in every circumstance.  91 Fed. Cl. 773, 790 (2010).  Consistent with the decision in *Gruber*, where the attorney does not provide documentation that he performed work while traveling, the undersigned grants half of the attorney's rate for traveling.  *Id.*; *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *5 (Fed. Cl. Spec. Mstr. Jan. 31, 2017).  Therefore, for travel time in 2016 where Mr. Webb did not document that he was performing work on the case, his hourly rate is reduced to $152.50.

On the first date of travel, August 15, 2016, Mr. Webb billed for eight hours of time, and the billing entry reflects the following: "Travel from Memphis to El Paso, TX for meeting with client tomorrow; review file and medical records *while in flight* in preparation for meeting."  Motion Ex. 2 at 9, ECF No. 38-2 (emphasis added).  Although he billed his full rate for eight hours of travel time, other documentation reflects that the flight was only 5.5 hours in duration.  *Id.* at 45.  Therefore, Mr. Webb's hourly rate will be reduced for the 2.5 hours of travel time where he did not document the performance of work on the case.  The fee reduction for the 2.5 hours of travel time on August 15, 2016 is $381.25.  On the second date of travel, August 17, 2016, Mr. Webb billed for 10.5 hours, and the billing entry reflects the following: "Travel back to Memphis from El Paso after meeting with client; develop strategy and plan of action for positioning case for possible settlement and consider what experts we are going to need while traveling (delays in Atlanta lengthened trip)."  *Id.* at 9-10.  The undersigned finds that the documentation for that date is sufficient to award the full 10.5 hours billed at Mr. Webb's full hourly rate.  Therefore, the total

fee reduction for travel time where Mr. Webb did not document that he was performing work on the case is $381.25.

### b. Hours Expended

Petitioner requests compensation for 151.80 hours entered by the paralegal, law clerks, and attorneys at Black McLaren Jones Ryland & Griffee. Petitioner submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. Based on the lack of objection from Respondent and my review of Petitioner's motion, I find that the hours expended are reasonable and should be awarded in full.

### c. Attorney's Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $5,042.12 in attorneys' costs. These costs are associated with medical record retrieval, a filing fee, travel expenses incurred by Mr. Webb, expert expenses,[4] and a mileage fee for law clerk Carmen Garcia. *See* Motion Ex. 2 at 25-26.

The undersigned finds that the expense of $4.28 incurred on July 10, 2017 and listed as "Mileage – Carmen Garcia" is not reasonable. *Id.* at 26. There is nothing in the itemized fee bill reflecting travel by Ms. Garcia on that date, and there is no documentation to support the reimbursement of mileage. This reduction totals $4.28. The undersigned finds that the remainder of the attorneys' costs are reasonable.

## II.   Litigation Costs

Petitioner submitted a declaration stating that Petitioner incurred an expense of $129.60 in pursuing this case. The total cost claimed is for mileage incurred by Petitioner's mother, who was, at the time, Petitioner on behalf of her minor child. Petitioner claims 240 miles round trip from Truth or Consequences, New Mexico to El Paso, Texas to meet with Petitioner's counsel in August 2016, at the 2016 IRS mileage rate of $0.54 per mile. The undersigned finds Petitioner's declaration to be adequate documentation for her litigation fees, and thus awards her the full amount requested.

---

[4] Although no expert report was filed in this case, Petitioner retained Merrill S. Wise, M.D. as an expert. Motion Ex. 2 at 53, ECF No. 38-2. Dr. Wise charged $400 per hour for 5 hours of medical record review and 1.25 hours of consultation with Petitioner's attorney regarding his opinion. Motion Ex. 3 at 1, ECF No. 40-1. The undersigned finds these expenses reasonable in light of Dr. Wise's qualifications and the lack of objection by the Respondent. Motion Ex. 4, ECF No. 40-2.

### III.     Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs and personal litigation costs:

| | |
|---|---|
| Attorneys' Fees Requested | $43,141.00 |
| (Reduction to Mr. Webb's Travel Rate in 2016) | -   $381.25 |
| **Total Attorneys' Fees Awarded** | **$42,759.75** |
| | |
| Attorney's Costs Requested | $5,042.12 |
| (Reduction of Undocumented Expense for Mileage) | -   $4.28 |
| **Attorneys' Costs Awarded** | **$5,037.84** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$47,797.59** |
| | |
| **Total Personal Litigation Costs Awarded** | **$129.60** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable.  Accordingly, the undersigned hereby awards a total of **$47,927.19** as follows:

- **The total of $47,797.59, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Michael McLaren, of Black McLaren, et al., PC, for attorneys' fees and costs;**[5]

- **The total of $129.60, in the form of a check made payable to Petitioner, Gidget Miller, for her litigation costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).